# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**WILLIAM A. DIAMOND**,

    Plaintiff,

    v.

**NATIONSTAR MORTGAGE LLC**,

    Defendant.

Case No. 3:18-cv-01746-SI

**ORDER**

**Michael H. Simon, District Judge.**

    William Diamond brought an action in state court in which he is the named plaintiff against Nationstar Mortgage LLC ("Nationstar"), claiming a single cause of action under ORS 124.110 for elder abuse. Diamond asserts that he is bringing the case as "attorney in fact" for Mrs. Beverlyann Lee. Nationstar removed the case from Multnomah County Circuit Court to this Court. Diamond has moved this Court to remand to State court, which Nationstar has opposed. Nationstar has moved to dismiss for failure to state a claim because Diamond is not a licensed attorney and does not otherwise have standing to litigate the case. Diamond has not responded to Nationstar's motion to dismiss.

## STANDARDS

    A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-*

*Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. v. Ikon Office Solution*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epstein Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

The U.S. Constitution confers limited authority on the federal courts to hear only active cases or controversies brought by persons who demonstrate standing. *See Spokeo*, 136 S. Ct. at 1546-47; *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013). Standing "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo*, 136 S. Ct. at 1547.

To have standing, a plaintiff must have "personal interest . . . at the commencement of the litigation." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). The required personal interest must satisfy three elements throughout the litigation: (1) an injury in fact, *i.e.*, an invasion of a legally protected interest that is concrete and particularized, as well as actual or imminent; (2) a causal connection between the injury-in-fact and the defendant's challenged behavior; and (3) likelihood that the injury-in-fact will be redressed by a favorable ruling. *Id.* at 180-81, 189; *see also Spokeo*, 136 S. Ct. at 1547 (reiterating that the "irreducible constitutional minimum" of standing consists of "an injury in fact . . . fairly traceable to the challenged conduct of the defendant, and . . . likely to be redressed by a favorable judicial decision").

An injury is "particularized" if it "affect[s] the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). An injury is "concrete" if it is "'*de facto*'; that is it must actually exist," meaning that it is "'real' and not 'abstract.'" *Id.* "'Concrete' is not, however, necessarily synonymous with 'tangible.' Although tangible injuries are perhaps easier to recognize, [the Supreme Court has] confirmed in many . . . previous cases that intangible injuries can nevertheless be concrete." *Id.* at 1549.

## DISCUSSION

### A. Motion to Remand to State Court

Diamond argues that the case should be remanded because Nationstar has not shown that its members are citizens of Delaware and thus that Nationstar has not shown that Nationstar is diverse from Diamond under 28 U.S.C. § 1332(a)(1). ECF 11. The Court initially agreed with Diamond, as Nationstar had not given sufficient information in its corporate disclosure statement to demonstrate complete diversity. *See* ECF 2, ECF 15. Specifically, in *Johnson v. Columbia*

*Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), the Ninth Circuit held that "like a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899. If a member is another unincorporated entity, the party will take on the citizenship of each of that owner-entity's members. Therefore, a court determines an LLC's citizenship by tracing the layers of membership to decide if diversity jurisdiction exists. *See Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, 64 (9th Cir. 2011); *cf. Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003).

Nationstar Mortgage LLC stated in its first corporate disclosure statement that it is wholly owned by Nationstar Sub1 LLC and Nationstar Sub2 LLC. Nationstar Sub1 LLC and Nationstar Sub2 LLC are wholly owned by Nationstar Mortgage Holdings, Inc. But Defendant provided no information as to the citizenship of Nationstar Mortgage Holdings, Inc., including its State of incorporation and its principle place of business. See 28 U.S.C. § 1332(c)(1).

The Court therefore ordered Nationstar to show cause why the case should not be remanded to state court. ECF 15. Nationstar then submitted an amended corporate disclosure statement on December 19, 2018. This amended statement demonstrates complete diversity under 28 U.S.C. § 1332(a)(1). Diamond's motion to remand to state court, therefore, is denied.

**B. Motion to Dismiss**

Nationstar has also moved to dismiss for failure to state a claim. Nationstar argues that Diamond is not a party to the subject Deed of Trust at issue in the Complaint or to the cause of action for Elder Abuse. Without any legal interest in this matter, Nationstar argues, Diamond lacks standing to participate in this litigation in any capacity.

In his state court complaint, Diamond alleged that Nationstar committed financial abuse against a senior citizen, Mrs. Beverlyann Lee, by, among other things, offering an ineffective Assignment of Deed of Trust in both a "non-judicial foreclosure attempt" and in a bankruptcy

proceeding. Diamond, however, does not indicate that he is a party to that Deed of Trust, nor does he allege that he, as the named plaintiff in this action, suffered any injury in a "personal and individual way." *Spokeo*, 136 S. Ct. at 1548.

This Court, therefore, finds that Diamond does not have standing in the pending case. Nor is Diamond a licensed attorney in Oregon who could bring a complaint on behalf of another. The right to practice law in the State of Oregon is reserved to active members of the Oregon State Bar Association, with the exception of litigants acting *pro se* under ORS 9.320. ORS 9.160. *Triangle Fabricators, Inc. v. Forward Indus., Inc.*, 866 F. Supp. 467, 472 (D. Or. 1994).

## CONCLUSION

Because this Court finds that there is complete diversity under 28 U.S.C. § 1332(a)(1), Diamond's motion to remand to state court (ECF 10) is DENIED. Further, Diamond does not have standing to bring this case, and therefore Nationstar Mortgage's motion to dismiss (ECF 13) is GRANTED. This case is DISMISSED.

**IT IS SO ORDERED.**

DATED this 22nd day of January, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge